IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY KERMIT RANKIN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 18-1670 |
| ) | |
| v. ) | District Judge Nora Barry Fischer |
| ) | Magistrate Judge Maureen P. Kelly |
| ERIC TICE, DISTRICT ATTORNEY OF ) | |
| ALLEGHENY COUNTY, ) | Re: ECF No. 14 |
| PENNSYLVANIA, ATTORNEY GENERAL ) | |
| OF THE STATE OF PENNSYLVANIA, ) | |
| STEPHEN A. ZAPPALA, JR., and SCI ) | |
| SOMERSET, | |
| | |
| Respondents. | |

**REPORT AND RECOMMENDATION**

I.   **RECOMMENDATION**

It is respectfully recommended that the Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Larry Kermit Rankin ("Petitioner"), ECF No. 14, be denied. It is further recommended that a certificate of appealability be denied.

II.   **REPORT**

A.   **Procedural Background**

Petitioner initiated the present matter by filing a petition on December 5, 2018. ECF No. 1 at 15. See also Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("We hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").

This matter was subsequently stayed while Petitioner exhausted claims in state court. ECF No. 10. Petitioner then filed an Amended Petition, ECF No. 14, and the case was reopened, ECF No. 16. In the Amended Petition, Petitioner challenges the judgment of sentence imposed on him

by the Court of Common Pleas of Allegheny County at criminal docket number CP-02-CR-0015802-2010 after he pled guilty to, *inter alia*, murder of the third degree.

Respondents filed an Amended Answer. ECF No. 18. Petitioner filed a Reply. ECF No. 20. The Amended Petition is ripe for consideration.

### B. Analysis

#### 1. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment. This statute permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. See, e.g., Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 848-49 (3d Cir. 2017).

#### 2. Statute of Limitations

Respondents argue, *inter alia*, that Petitioner's claims are barred by the applicable statute of limitations. ECF No. 18 at 6-11.

##### a. Legal considerations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set a one-year limitations period for filing a federal habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). AEDPA's one-year statute of limitations is codified at 28 U.S.C. § 2244(d). The date on which AEDPA's limitations period commences is determined on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113, 118-22 (3d Cir. 2004).

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance' .... In other words, until the application has achieved final resolution through the State's post-conviction procedures[.]" Carey v. Saffold, 536 U.S. 214, 219-20 (2002).

### b.     Petitioner's claims

In the petition *sub judice*, Petitioner raises two claims of constitutional violations related to the entry of his guilty plea. The statute of limitations for these claims began to run on the date his judgment of sentence became final, in accordance with Section 2244(d)(1)(A).

On September 13, 2011, Petitioner pled guilty and was sentenced to a term of incarceration of not less than twenty-two and one half (22 ½) years to forty-five (45) years. ECF No. 18-1 at 3. Petitioner did not file a Motion to Modify Sentence, Motion to Withdraw Guilty Plea or Notice of Appeal. As such judgment of sentence became final on October 13, 2011, when the time for him to file an appeal expired. Pa.R.Crim.P. 720(A)(2)(c); Pa.R.A.P. 903(a). The AEDPA statute of limitations began to run the next day.

On August 14, 2012, 305 days later, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. The trial court, now the PCRA court, appointed counsel for Petitioner. On April 8, 2015, Petitioner, through his counsel, move to withdraw the PCRA petition. ECF No. 18-1 at 8. On April 24, 2015, the PCRA court granted the motion. Id.

Under 28 U.S.C. § 2244(d)(2), this first PCRA proceeding statutorily tolled AEDPA's limitations period from August 14, 2012, when the petition was filed, until April 24, 2015, when the petition was withdrawn. AEDPA's one year limitations period began to run again the next

3

day, on April 25, 2015, and expired 60 days later, on June 25, 2015 (365 days - 305 days = 60 days). Thus, the AEDPA's one year statute of limitations ran on June 25, 2015.

The instant federal habeas Petition raising two claims was filed on December 5, 2018, more than three years later.

In their Answer, Respondents state that the Petition is untimely and should be dismissed because Petitioner did not file it within the one (1) year AEDPA statute of limitations and it is untimely by over three (3) years. ECF No. 18-9.[1]

In response to Respondents' argument that his claims are untimely, Petitioner asserts that his convictions constitute a miscarriage of justice. ECF No. 20 ¶¶ 34-37.[2]

There is an exception to AEDPA's statute of limitations known as the "miscarriage of justice" exception. In McQuiggin v. Perkins, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in Schlup v. Delo, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period

---

[1] Petitioner filed a second PCRA petition on May 27, 2017, which the state courts found to be untimely. ECF No. 6-3 at 18-20, 27; ECF No. 6-6 at 30-40. The litigation of this second PCRA petition did not toll the statute of limitations as the petition does not qualify as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2) because the state court determined that it was untimely. Pace, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); id. at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and bracketed text omitted).

[2] The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. Petitioner does not argue that he is entitled to equitable tolling.

may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup, 513 U.S. at 316.

The "miscarriage of justice" exception only applies in extraordinary cases in which the petitioner shows that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schlup, 513 U.S. at 316. Moreover, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." Sistrunk v. Rozum, 674 F.3d 181, 191 (3d Cir. 2012) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

Petitioner does not assert his actual innocence. The miscarriage of justice to which he refers concerns his plea counsel's failure to preserve a claim that Petitioner was medicated and or mentally ill at the time of his plea. ECF No. 20 ¶¶ 36-37. A claim that Petitioner was impaired at the time of the plea is wholly unrelated to Petitioner's factual innocence of the crimes to which he pled guilty; thus, the miscarriage of justice exception does not apply.

Upon review, it is clear that Petitioner's federal habeas claims are time-barred. The Amended Petition should be denied on this basis.

### C.     Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

5

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability should be denied with respect to each claim.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Amended Petition, ECF No. 14, be denied. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: March 14, 2025

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Nora Barry Fischer

All counsel of record by Notice of Electronic Filing

LARRY KERMIT RANKIN
KE-4820
SCI-FAYETTE
50 Overlook Drive
LaBelle, PA  15450